POPOVICH, Judge:
This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Erie County following appellant’s conviction on a charge of possession of marijuana with intent to deliver. Appellant contends that the trial judge erred when he warned the Commonwealth’s witness of the penalty for perjury and this error prejudiced appellant. After careful review, we agree, vacate the judgment of sentence and grant appellant a new trial.[1]
The record reveals the following facts: On August 14, 1992, William L. Askins, Jr. was arrested for possession of marijuana. Mr. Askins informed law enforcement officers that he had purchased the marijuana on August 12, 1992, at a residence located on 2816 Zimmerman Drive in Erie County. Mr. As-kins stated that he was taken to the Zimmerman Drive residence by one Brian Hoffman. He stated that there was “a Md named Jimmy” in the apartment when he obtained the marijuana. Askins later identified “Jimmy” as the defendant. Askins did not receive the marquana from “Jimmy.” Brian Hoffman went into the apartment and returned with the marijuana which he then gave to Askins.
Erie County law enforcement officers obtained a search warrant for the Zimmerman Drive address based on Mr. Askins’ information. The police executed the warrant and found a triple beam scale and several plastic baggies containing approximately 160 grams of marijuana. The police also confiscated $3,500 in United States currency, various pieces of mail addressed to appellant at the Zimmerman Drive address, a “High Times” magazine article on marijuana harvesting and identification cards with appellant’s photo on them. Appellant was charged with *893 possession of marijuana with the intent to deliver as a result of the search.
The Commonwealth called Askins as a witness at appellant’s trial. Askins initially could not identify appellant as the person who was present at the residence where the marijuana was purchased. At this point, the Commonwealth requested a sidebar because Askins’ testimony was different from statements he had given to the Commonwealth. Apparently, Askins previously identified appellant as the person from whom the marijuana was purchased.[2]
The trial judge then recessed the jury and warned Askins of the penalty for perjury:
THE COURT: Now, without saying anything, all right, testifying under oath and lying is called perjury. That happens to be a felony offense in the Commonwealth of Pennsylvania. When a witness goes south — that’s what we call it when they tell the DA one thing and then they come in and they testify different. The judge has an obligation to the tell the witness, if you continue this, you may subject yourself to the charge of perjury which is punishable by ten years imprisonment. The last time someone committed perjury in my courtroom I gave them five to ten.... I have no idea whether you’re lying under oath, but the DA is telling me you told her something different.... However, if you realize the error of your ways and you think you’re lying under oath, you can recant. If you recant you cannot be charged ...
(N.T. 5/17/93 at 56). Appellant’s counsel objected to the judge’s actions and moved for a mistrial. He argued that the proper method for handling the situation was to impeach the witness with a prior inconsistent statement. After the warning by the trial judge, Askins resumed testifying and identified appellant as the person he had seen at the Zimmerman Drive residence.
Appellant testified that, although he lived at the residence where the marijuana was seized, the marijuana was not his. Appellant also testified that Brian Hoffman was his roommate and the marijuana belonged to Hoffman. Moreover, appellant denied knowing or ever meeting William Askins. He stated that he did not know that Hoffinan kept marijuana in the apartment because he returned to Pittsburgh on the weekends, and Hoffman had access to the apartment during these absences. Thus, he did not know what use Hoffman made of the apartment during appellant’s absence. Brian Hoffman denied ever living with appellant.
The jury convicted appellant of possession with the intent to distribute marijuana. The court sentenced appellant to be incarcerated for a period of three to twelve months, followed by four years of probation. Upon review, we find that the lower court erred when it warned William Askins about the penalty for perjury and that the error was not harmless.
“In presiding over trial, the court has a paramount duty to maintain its impartiality, as well as a responsibility to respect the dignity of the witnesses.” Commonwealth v. Laws, 474 Pa. 318, 325, 378 A.2d 812, 815 (1977). The court has the power to question a witness and warn the witness of the ramifications of perjury. However, this power should be used with caution. Id. The court’s intrusion into this area can lead to the witness conforming his testimony “to what the witness believes the court expects.” Id. 378 A.2d at 816. The court must not question a witness such that the witness feels pressured to testify in a particular way. Id. In the case at bar, the trial judge’s warnings and questioning of Askins resulted in a change of his testimony after the warnings were given. The trial judge’s warnings and questioning conveyed to Askins that he should testify in a way that was different from the manner in which he was then testifying. Askins changed his testimony so that it was consistent with previous statements given to the Commonwealth.
The Commonwealth argues that the trial judge’s actions did not cause Askins to change his testimony, and that, even after *894 the judge’s comments, Askins could not identify appellant. However, examination of the record shows that, after the judge’s warning, Askins did identify appellant as “Jimmy.” Askins went from a position of having no idea whether appellant was “Jimmy” to identifying him as the person from whom he obtained the marijuana.[3]
We held that similar behavior by a trial judge was erroneous in Commonwealth v. Laws, supra. In Laws, the Commonwealth’s witness’ testimony at defendant’s murder trial differed from his preliminary hearing testimony. At the preliminary hearing, the witness stated that he saw defendant stab the victim. Id. at 814. At trial, the witness testified that the person who stabbed the victim was not present in the courtroom. Id. The trial judge excused the jury and asked the witness if anything was preventing him from telling the truth at trial. The judge then warned the witness of the consequences of perjury. Id. at 815. The witness stated that he did not wish to change his trial testimony. However, upon cross-examination by the Commonwealth, when the witness was read his preliminary hearing testimony, he recanted his trial testimony and testified in a manner consistent with his preliminary hearing testimony. Id.
We found that the trial judge’s questioning of the witness and use of perjury warnings pressured the witness to retract his initial trial testimony and adopt the testimony from the preliminary hearing. Id. at 816. Furthermore, the judge’s behavior left the witness “little doubt as to which testimony the court believed.” Id. The court did not give the witness a chance to explain why his previous testimony differed. We held that the trial judge’s actions were not harmless and reversed the judgment of sentence and granted a new trial. Id. at 818.
Here, the trial judge questioned Askins about the change in his testimony and warned him of the consequences of perjury. In fact, the trial judge’s threats were even more severe than those used by the trial judge in Laws because the Commonwealth never impeached Askins with his prior statements. In Laws, the witness adhered to his trial testimony until he was impeached with his preliminary hearing testimony. Thus, the jury was denied the opportunity to judge Askins’ credibility properly. Moreover, the trial judge did not try to. determine why Askins’ testimony was changing. Following our reasoning in Laws, there can be little doubt that the trial judge believed the previous statements given to the Commonwealth more than those initially stated at the trial.
Because the trial judge erred, we must determine if this error was harmless. If the error is harmless, the jury’s verdict will stand. The burden is on the Commonwealth to establish, beyond a reasonable doubt, that an error is harmless. Commonwealth v. Story, 476 Pa. 391, 383 A.2d 155 (1978). “[A]n error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict.” Id. 383 A.2d at 164. The Commonwealth’s burden will be met if the prejudice from the erroneously admitted evidence is de minimis; the erroneously admitted evidence is merely cumulative of other properly admitted evidence; it is substantially similar in kind and incriminating details to other indisputable, independently obtained, and properly admitted evidence; or if the Commonwealth’s evidence of guilt is overwhelming and, by comparison, the prejudice of error is insignificant. Id. at 164-168.
In the case at bar, the prejudice is more than de minimus. Without Askins’ identification of appellant, the Commonwealth may not have been able to establish constructive possession of the marijuana by appellant. As-kins identified appellant as the person present in the apartment at the time, when he obtained the marijuana. The Commonwealth had no other witnesses to provide this type of testimony. Askins’ testimony directly contradicted appellant’s allegation that the marijuana belonged to Brian Hoffman and that he did not know the marijuana was in the apart *895 ment because of Hoffman’s access to the apartment when appellant was in Pittsburgh.
Honest, fair-minded jurors may not have returned guilty verdicts in the absence of Askins’ testimony. Moreover, the almost identical situation in Laws, supra, was held not to be harmless error. Since the trial judge erred in his warnings to Mr. Askins and the error was not harmless, appellant was prejudiced and is entitled to a new trial.
Judgement of sentence is vacated and the case is remanded for a new trial. Jurisdiction relinquished.
CAVANAUGH, J., concurs in the result.

. Because we reverse on this ground, we need not address the other questions presented by appellant: 1) The trial court erred in allowing the Commonwealth to infer in its closing argument that mere residence at the apartment where the contraband was found was sufficient to establish constructive possession; and 2) The trial court erred in its charge to the jury.
Appellant also raises an issue as to whether the evidence was sufficient to sustain his conviction for possession of marijuana with intent to deliver. We have reviewed this claim and find that the evidence was sufficient. However, even though we are reluctant to grant a new trial, we must do so as appellant was prejudiced by the trial judge’s conduct. Without the trial judge's behavior, the witness' testimony may have created a reasonable doubt in the jury’s mind.

. The substance of Askins' prior statements to the prosecutor is not clear from the record. However, it appears that the prior statements were consistent with the testimony he gave after the perjury warnings.

. The Commonwealth also contends that there was no harm from the trial judge's actions because the jury was not present when these comments took place. Laws, supra, tells us that the jury need not be present for the judge's actions to result in prejudicial error. The trial judge’s actions in this case were improper because of the effect they had on Askins' testimony.